UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **BERTRAM EUBANK,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0708 AS |
| | ) | |
| **BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about October 31, 2005, *pro se* petitioner, Bertram Eubank, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 9, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Reply on February 21, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. He was the subject of a prison disciplinary proceeding. The sanction included disciplinary segregation which does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). He was also deprived of 90 days earned credit time which does implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974).

The petitioner was found guilty of a modified charge of attempted battery in and around July 2005 at the ISP in a proceeding designated as ISP 05-07-0141. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). The Attorney General has placed before this Court a series of documents designated A through H2, both inclusive, which explicate in great detail the proceedings involved.

Basically the triggering event here was some very strong language directed by this petitioner to a female correctional officer and engaging in assaultive behavior toward her. The petitioner prepared a written statement denying the charges that were made against him by a Lieutenant St. Martin. He was found guilty of attempted battery upon another including the throwing of bodily fluids and waste. As indicated, the six months of disciplinary segregation which have already now been served does not implicate a liberty interest, but the loss of earned credit time does under *Wolff*.

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The Final Reviewing Authority modified the charge, but in fact lessened it and

did not increase it which is not a violation of the due process clause of the Fourteenth Amendment or under the mandates of *Wolff*.

The pro se filing made by this petitioner spends a good deal of time talking about violations of IDOC policy and violations of ADP. Generally, those violations do not support relief under 28 U.S.C. §2254. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). There is more than enough evidence to support the modified charge, and there is no violation of the due process clause of the Fourteenth Amendment.

Therefore, the relief requested in this case under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** March 1, 2006

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

3